# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOR BOLO LOR, | CV F   05-1556 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| MATTHEW C. KRAMER, Warden, | [Doc. 16] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

## BACKGROUND

Petitioner was convicted of second degree murder, attempted murder, two counts of assault, and participation in a criminal street gang. A number of sentencing enhancements were also found true. Petitioner received an indeterminate state prison term of fifteen years to life on the murder conviction and a consecutive determinate state prison term of twenty-two years on the remainder of the convictions and enhancements. (Lodged Docs. 1-2.) Petitioner appealed.

On October 17, 2002, the California Court of Appeal for the Fifth Appellate District affirmed in part and reversed in part. The Fresno County Superior Court was directed to amend

---

[1] Respondent declares that Mark D. Castellaw is the current Warden at Pelican Bay State Prison and not Scott Kernan. However, the Court's docket indicates that Petitioner is currently housed at Folsom State Prison, and the current Warden is Matthew C. Kramer. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Warden Kramer is substituted in place of Warden Kernan.

1

the abstract of judgment to delete a three-year upper-term criminal street gang enhancement on the murder conviction, require Petitioner to serve a minimum of fifteen years, modify the restitution fine, and ordered Petitioner to be jointly and severally liable with two other co-defendants for victim restitution.  The judgment was affirmed in all other respects.  (Lodged Doc. 2.)  Petitioner unsuccessfully sought review in the California Supreme Court.  (Lodged Docs. 3, 4.)

On May 14, 2003, the Fresno County Superior Court issued an amended abstract of judgment in accordance with the opinion issued by the California Court of Appeal.  (Lodged Doc. 5.)

Petitioner filed three state post-conviction collateral challenges.[2]

The first petition was filed on December 19, 2003, in the Fresno County Superior Court.  (Lodged Doc. 6.)  The petition was denied on January 5, 2004.  (Lodged Doc. 7.)

The second petition was filed on April 1, 2004, in the Fifth District Court of Appeal.  (Lodged Doc. 8.)  The petition was denied on May 20, 2004.  (Lodged Doc. 9.)

The third petition was filed in the California Supreme Court on October 7, 2004, and denied on August 31, 2005.  (Lodged Docs. 10, 11.)

Petitioner filed the instant petition for writ of habeas corpus on November 18, 2005.  (Court Doc. 1.)  An amended petition was filed on November 23, 2005.  (Court Doc. 5.)

Respondent filed a motion to dismiss on April 12, 2006, and Petitioner filed an opposition on May 17, 2006.  (Court Docs. 16, 20.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state

---

[2] The Court notes that Petitioner is not entitled to the benefit of the mailbox rule because at the time he filed each of the state post-conviction petitions and the instant federal petition, he was represented by counsel.  Stillman v. LaMarque, 319 F.3d 1199, 1201-02 (9th Cir. 2003).

remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on May 14, 2003, the Fresno County Superior Court issued an amended abstract of judgment in accordance with the opinion issued by the Fifth District Court of Appeal. (Lodged Doc. 5.) Because Petitioner did not appeal that decision, his time to seek direct review ended upon expiration of the sixty-day period following the issuance of the amended abstract of judgment, which was July 13, 2003. Cal. Rules of Court, rule 31(a). The statute of limitations commenced running the following day - July 14, 2003. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.) Therefore, the statute of limitations was set to expire on July 13, 2004. Petitioner did not file the instant petition until November 18, 2005.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final challenge, Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), so long as the subsequent filings occurred within a reasonable time. Evans v. Chavis, __ U.S. __, 126 S.Ct. 846, 853-54 (2006); Carey v. Saffold, 536 U.S. 214 (2002). The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court. Duncan v. Walker, 533 U.S. 167 (2001).

In Evans v. Chavis, the Supreme Court held that when the state court denies a state habeas petition without any explanation or indication as to timeliness, the federal court must conduct its

4

own inquiry to determine whether the state habeas petition was filed within a "reasonable time." 126 S.Ct. at 852.  However, where there is a "clear indication that a particular request for appellate review was timely or untimely," there is no need to conduct such an independent examination.  Id.

### 1. Limitations Period That Lapsed Prior to State Collateral Actions Being Filed

At the time Petitioner filed his first state post-conviction on December 19, 2003, 158 days of the initial one-year limitations period had expired.[3]  Thus, Petitioner had 207 days of the limitations period remaining.

### 2. Tolling During Period First Petition was Pending in State Court

Respondent does not argue that the first petition was improperly filed; therefore, Petitioner is entitled to tolling from December 19, 2003 (first petition filed) through January 5, 2004 (petition denied).  See Pace v. DiGuglielmo, 125 U.S. 1807 (2005).

### 3. Tolling for Period Between Denial of First Petition and Filing of Second Petition

Respondent argues that Petitioner is not entitled to tolling for the eighty-six days between the denial of the first petition (January 5, 2004) and the filing of the second petition (April 1, 2004).

In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Chavis, 126 S.Ct. at 852. In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 854. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. Id., *quoting* Saffold, 536 U.S. at 219.  In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that

---

[3] As Respondent submits, Petitioner expended 158 days of the limitations as follows: July 14-31 (18 days); August (31 days); September (30) days; October (31 days); November (30 days); and December 1-18 (18 days).

5

California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 126 S.Ct. at 853, *citing* Saffold, 536 U.S. at 222-223.

Initially, the Court notes that it is questionable whether an unexplained/unjustified delay of eighty-six days would be reasonable under California law.  However, the Court need not engage in a determination of whether the eighty-six day delay is reasonable under the circumstances in this case, because even if Petitioner were given the benefit of tolling during this time, the instant petition is nonetheless untimely.  Therefore, giving Petitioner the benefit of tolling during this time, Petitioner still had 207 days of the limitations period remaining.

4.  No Tolling for Period Between Denial of Second Petition and Filing of Third Petition

Respondent argues that Petitioner is not entitled to tolling for the period between May 20, 2004 (second petition denied), and October 7, 2004 (third petition filed), because Petitioner unjustifiably delayed 140 days before filing his third petition after the second petition was denied. The Court agrees.

As discussed above, the Supreme Court held in Chavis that an unexplained six month delay is unreasonable. Chavis, 126 S.Ct. at 854.  Here, Petitioner's delay of 140 days is clearly unreasonable. The delay is more than twice the short period of time of 30 to 60 days provided by most States for filing an appeal.  Petitioner offers no explanation as to why he waited over four months to file the petition at the next level.  In addition, the People (unlike a prisoner) may appeal a superior court's granting habeas relief by filing a notice of appeal within sixty days.  Cal. Penal Code § 1506.  Parties have only ten days after finality to file a petition for review of a California Court of Appeal decision, whether on direct appeal or habeas corpus.  Cal. Rules of Court, rule 28(e); see Chavis, 126 S.Ct. at 854.  The Court of Appeal's summary denial of a petition for writ of habeas corpus is final upon filing. Cal. Rules of Court, rule 24(b)(2)(A).  Therefore, the delay in filing the habeas petition in the California Supreme Court was unreasonable and Petitioner is not entitled to tolling for the interval between the denial of the habeas petition in appellate court

6

and the filing of the next habeas petition in the supreme court.[4]

Therefore, another 140 days of the limitations ran, and Petitioner had 67 days of the limitations period remaining.

> 5.  No Tolling for Period Between Denial by California Supreme Court and Filing Instant Federal Petition in this Court

As previously noted, the California Supreme Court denied Petitioner's petition for writ of habeas corpus on August 31, 2005. The instant petition for writ of habeas corpus was filed 79 days later on November 18, 2005, resulting in the instant petition being untimely, as the statute of limitations expired on November 6, 2005. The limitations period is not tolled for the period between finality and the filing of an application for post-conviction or other collateral review in federal court. See Nino v. Galaza, 183 F.3d 1003, 1007 (9th Cir. 1999).

D.   Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."[5] Pace, 125 S.Ct. at 1814; see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 125 S.Ct. at 1814; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Assuming it is available, Petitioner is not entitled to equitable tolling because he fails to demonstrate any extraordinary circumstance which would have prevented him from timely complying with the statute of limitations. As such, there is no basis for equitable tolling.

RECOMMENDATION

---

[4] The limitations is tolling from October 17, 2004 to August 31, 2005, while the third petition for writ of habeas corpus was pending at the California Supreme Court.

[5] The Supreme Court noted that it has never squarely addressed the question whether equitable tolling is available under AEDPA's statute of limitations. In Pace, the Supreme Court again declined to do so and only assumed for the sake of argument that it did, because Respondent assumed as much and Petitioner was not entitled to tolling under any standard. 125 S.Ct. at 1814 n. 8.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the petition as filed outside the one-year statute of limitations be GRANTED; and
2. The instant petition for writ of habeas corpus be DISMISSED, with prejudice.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 22, 2006**             /s/ Sandra M. Snyder
icido3                                      UNITED STATES MAGISTRATE JUDGE