# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOR BOLO LOR, ) | 1:05-CV-1556 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| v. ) | [Doc. 24] |
| ) | |
| ) | ORDER GRANTING MOTION TO DISMISS |
| MATTHEW C. KRAMER, Warden, ) | [Doc. #16] |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On November 22, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the court grant Respondent's motion to dismiss and dismiss the petition for writ of habeas corpus for violating 28 U.S.C. § 2244(d)(1)'s one year statute of limitations. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On December 26, 2006, April 27, 2007, and April 30, 2007, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the court concludes that the Magistrate Judge's Findings and Recommendation is

1

supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

At issue in the objections is whether the court should toll the statute of limitations for the 140 passed days between the California Court of Appeal's denial of Petitioner's state petition and the filing of the petition in the California Supreme Court. For purposes of 28 U.S.C. § 2244(d)(2) tolling, a petitioner is entitled to interval tolling only for petitions that were timely filed under state law. Evans v. Chavis, 126 S.Ct. 846, 849 (2006). Under California law, the notice of appeal is timely if filed within a "reasonable time." Id. at 849 (citing In re Harris, 5 Cal.4th 813, 828 n. 7 (1993)). In Evans, the Supreme Court stated that whether a state petition was timely under California law must be decided on a case by case basis. Id., 126 S.Ct. at 853. The Supreme Court also stated that even if a state court denies a habeas on the merits, this does not prove that the state court thought the petition was timely. Id., 126 S.Ct. at 850.

In light of the Supreme Court's reasoning in Evans v. Chavis, 126 S.Ct. 846 (2006), this court must find that Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling for the 140 days between the time the California Court of Appeal denied Petitioner's state habeas petition and Petitioner filed the California Supreme Court petition, especially considering the additional 88 days that passed between the denial of the Fresno County Superior Court petition and the filing of the California Court of Appeal petition. See Evans, 126 S.Ct. at 854 (finding no bright line rule, but determining six month delay not reasonable); Gaston v. Palmer, 447 F.3d 1165 (9th Cir. 2006) (holding that unexplained delays of 18, 15, and 10 months between filings were unreasonable); Forrister v. Woodford, 2007 WL 809991, *2 -3 (E.D.Cal. 2007) (88 day delay unreasonable); Jackson v. Ollison, 2007 WL 433188, *5 (S.D.Cal. 2007) (8 month delay unreasonable and tolling inappropriate); Culver v. Director of Corrections, 450 F.Supp.2d 1135, 1140-41 (C.D.Cal. 2006) (finding delays of 97 and 71 days unreasonable). Accordingly, Petitioner is not entitled to 28 U.S.C. § 2244(d)(2) tolling, and the petition was filed outside of 28 U.S.C. § 2244(d)(1)'s one year limitation period.

//

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued November 22, 2006 is ADOPTED IN FULL;
2. Respondent's motion to dismiss is GRANTED;
3. The Petition for Writ of Habeas Corpus is DISMISSED; and
4. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

IT IS SO ORDERED.

**Dated:   June 13, 2007**              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE