# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOR BOLO LOR, ) | 1:05-CV-1556 AWI SMS HC |
| Petitioner, ) | ORDER GRANTING PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABLITY |
| v. ) | |
| ) | (Document #37) |
| MATTHEW C. KRAMER, Warden, ) | |
| Respondent. ) | |

Petitioner is a state prisoner who had filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On November 22, 2006, the Magistrate Judge issued Findings and Recommendations that recommended the court grant Respondent's motion to dismiss and dismiss the petition for writ of habeas corpus for violating 28 U.S.C. § 2244(d)(1)'s one year statute of limitations.   On June 13, 2007, the court adopted the Findings and Recommendations and dismissed the petition.  Of relevance, the court found that the court could not toll pursuant to 28 U.S.C. § 2244(d)(2) the 140 days which had passed between the California Court of Appeal's denial of Petitioner's state petition and the filing of the petition in the California Supreme Court.   The Clerk of the Court entered Judgement against Petitioner on June 13, 2007.   After receiving an extension of time, on August 14, 2007, Petitioner filed a notice of appeal and requested the court issue a certificate of appalability.

1

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
>   (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

When the district court denies a habeas petition on procedural grounds, as the court did in this action, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

In the present case, the court finds that reasonable jurists might disagree with the court's confines of 28 U.S.C. § 2244(d)(2) tolling.   A petitioner is entitled to 28 U.S.C. § 2244(d)(2) tolling only for petitions that were timely filed under state law. Evans v. Chavis, 126 S.Ct. 846, 849 (2006).   However, California law does not provide a precise time for filing state petitions, and a notice of appeal is timely if filed within a "reasonable time."  Id. at 849 (citing In re Harris, 5 Cal.4th 813, 828 n. 7 (1993)).   As such, whether a state petition was timely under California law must be decided on a case by case basis. Evans, 126 S.Ct. at 853.   In light of the Supreme Court's reasoning in Evans v. Chavis, 126 S.Ct. 846 (2006), this court finds that jurists of reason could disagree on whether Petitioner is entitled to 28 U.S.C. § 2244(d)(2) tolling for the 140 days between

1  the time the California Court of Appeal denied Petitioner's state habeas petition and Petitioner filed
2  the California Supreme Court petition.
3      Accordingly, Petitioner's request for a certificate of appealability is GRANTED.
4
5  IT IS SO ORDERED.
6  **Dated:   September 5, 2007**                    /s/ Anthony W. Ishii
                                                    UNITED STATES DISTRICT JUDGE